UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No: 18-cv-00756-PAB-MEH

**LISA CALDERÓN**,

Plaintiff,

v.

**CITY AND COUNTY OF DENVER,
MICHAEL HANCOCK,
JESS VIGIL,
ANDREA ALBO, and
REGINA HUERTER**

Defendants.

---

**PLAINTIFF'S MOTION FOR SANCTIONS REGARDING DISCOVERY ABUSES**

---

Pursuant to Federal Rules of Civil Procedure, Rule 37, Plaintiff Dr. Lisa Calderón, by and through her undersigned attorney, respectfully move the Court to impose sanctions on the Defendants for discovery abuse, and as grounds for such, states the following:

*Introduction*

1.  Defendants have now produced almost 14,000 pages of documents to Plaintiff, Dr. Calderón, as follows: (i) initial disclosures (CCD001-303); (ii) second disclosures (CCD0304-6656); (iii) responses to Plaintiff's first set of discovery (CCD06657-9583); (iv) additional responsive documents (CCD09584-1080); and finally (v) third supplemental disclosures containing over 3000 more pages last week (CCD010801-1380).[1]

---

[1] Dr. Calderon will not attach all of Defendants' document production here out of recognition of the Court's limited time. She will, however, produce any discovery documents that the Court wants.

1

2. The documents produced by Defendants include thousands of **duplicate pages in no particular order**, as well as thousands of pages **of irrelevant documents**. Relevant documents are often sandwiched between hundreds of pages of duplicates and irrelevant materials.

3. This "document dump" has violated numerous discovery rules and made it excessively difficult, if not impossible, for Dr. Calderón to determine and find which of the documents produced are relevant to Defendants' defense in this case. It also makes it almost impossible for Dr. Calderón to prepare for a deposition in this case. In short, a document dump of the magnitude here substantially negates discovery.

4. This is not a motion to compel regarding specific discovery requests. The Parties are working on resolving those requests. This is a motion for sanctions as a result of Defendants' dump of documents.

5. Dr. Calderón primarily asks that the Court order a stay of further discovery until the Defendants organize and categorize the almost 14000 pages of documents that they have produced in a manner that allows Dr. Calderón to identify documents that are relevant to this case.

*Defendants' Production and Violations of Discovery Rules*

6. Defendants' dump of documents results in the violation of many discovery rules. We will identify specific documents as examples of abuses below but will offer only one section of Defendants' production as a general example of the documents as produced to Dr. Calderon. *See* **Exhibit 12** [CCD08449-9207].

7. Rule 26(a)(ii) requires a party to produce:

> "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;"

In this case Defendants produced, pursuant to Rule 26, almost 10,000 pages of unorganized and repetitive documents, thousands of which are irrelevant, and almost 4,000 more pages in response to discovery requests. Courts have indicated that such a "document dump" is violative of the rules of discovery. As noted in *Janvey v. Greenberg Traurig, LLP*:

> "Courts frown upon the practice of "document dumps," where a party produces relevant and irrelevant documents together and fails to identify which documents are relevant; such production does not constitute proper disclosure."

*Janvey v. Greenberg Traurig, LLP*, No. 3:12-CV-4641-N-BQ, 2019 WL 13175533, at *4 (N.D. Tex. Feb. 12, 2019), citing to *ReedHycalog UK, Ltd. v. United Diamond Drilling Servs., Inc.*, No. 6:07 CV 251, 2008 WL 11348342, at *2 (E.D. Tex. Oct. 3, 2008) ("[A] party may not frustrate the spirit of the discovery rules—open, forthright, and efficient disclosure of information potentially relevant to the case—by burying relevant documents amid a sea of irrelevant ones."); *see also S.E.C. v. Nutmeg Grp., LLC*, No. 09 C 1775, 2017 WL 4925503, at *4 (N.D. Ill. Oct. 31, 2017) ("A party cannot comply with Rule 26(a)(2)(C) by dumping a large volume of documents on an opposing party and leaving it to try to guess what a witness will say about the information contained in the documents.").

8. In addition, Defendants production included many documents that had no relevance to any of the claims, contrary to Rule 26 disclosures requirements. For example, pages CCD007168-7183 in Defendants' responses to Plaintiff's discovery contain new releases related to a Sierra Club lawsuit challenging federal approval of CDOT's expansion plans for I-70, as well as a newsletter from Councilman Albus Brooks. See **Exhibit 1** [CCD007168-7183]

3

Defendants Counsel alleged that this material was relevant because it responded to an interrogatory requesting complaints by Plaintiff.  In fact, the interrogatory asked for the following:

> **Interrogatory #11.** Please Identify and describe any and all complaints by Plaintiff regarding Defendants and/or their operations during the period 2014 through 2021 known to any Defendant.

*See* **Exhibit 2** [Defendants' Response to Plaintiff's First Set of Discovery] at p. 14.  There is absolutely nothing in the pages produced that responds to the discovery request.

9. Other examples of Defendants' production of completely irrelevant and non-responsive documents include:

- Pages CCD008590-8594 contain a 2016 Denver Parks and Rec document entitled "**Temporary Directive: Suspension of Right of Access of Parties Engaged in Drug-Related Activity from City Parks and the Cherry Creek Greenway.**" *See* **Exhibit 3 [**CCD008590-8594]

- Pages CCD009183-9184 concern the signing of a MOU for homeless outreach court between the City Attorney and the Department of Health and Services.  *See* **Exhibit 4** [CCD009183-9184]

- Pages CCD009787-9788 contain a Law Enforcement Member Appointment Application.   *See* **Exhibit 5** [CCD009787-9788]

- Almost 100 pages [pages CCD009810-9909] are a repeat in large part of the complaint filed by the Sierra Club against the federal government under the Clean Air Act.  *See* **Exhibit** 6 [CCD009810-9909]

- Pages CCD009914-9915 is an invitation to Phil Cherner's retirement party.  *See* **Exhibit 7** [CCD009914-9915]

9. Rule 37(a)(4) states that:

"Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

Defendants' responses to some requests for production referred to thousands of pages of unorganized documents, making it impossible to determine which documents are actually responsive to the requests, for example:

- **Document Request # 3.** Please produce any and all documents containing, referencing or related in any way to the August 14, 2017 meeting with then Mayor Hancock attended by Plaintiff, including any notes taken at that meeting. [The meeting is referenced numerous times in Plaintiff's Amended Supplemental Complaint].

    **Response**: Please see documents previously disclosed at *CCD000304-006656* with City Defendants' Second Supplemental Disclosures, which contain a search of Plaintiff's denver.gov email between January 1, 2016 to December 31, 2018, using "RFP" as a search term. In addition, please Mayor Hancock's calendar from the day in question, *CCD007624-7626,* produce here, as well as *CCD009584-10069,1* which contain correspondence related to, and leading up to this meeting.

- **Document Request # 6.** Please produce any and all documents containing, referencing or related in any way to the selection of the applicant awarded the contract for the City's administration of its Transition from Jail to Community ("TJC") program in 2017-2018, including the process used, written recommendations or discussions, emails, and applications.

    **Response and Objection:** City Defendants object to this request on the grounds that "any and all documents containing, referencing, or related in any way . . .," is overly broad and unduly burdensome. Subject to and without waiving these

5

objections, City Defendants refer Plaintiff to their response to Interrogatories # 4, 5, 6, 7, and 8, and the documents cited therein. City Defendants also refer Plaintiff to CCD000304-006656, produced with City Defendants' Second Supplemental Disclosures, as well as *CCD006657-CCD006825* produced herewith.

- **Document Request # 10.** Please produce any and all correspondence between Defendants and potential applicants for the City's contract for the Transition from Jail to Community program during the period 2016 through 2018.
  **Response and Objection:** City Defendants object to this request as overly broad and unduly burdensome, and as not proportional to the needs of the case in that the subject lawsuit concerns the July 2017 request for proposals published by the Office of Behavioral Health Strategies ("OBHS"). Any "correspondence" before July 2017, or relatively close to that time period, is irrelevant. Subject to and without waiving these objections, see previously disclosed *CCD000001-7, CD000133-36, CCD00216-27*, and CCD00304-6656.

*See* Exhibit 2.

10.     This week, on Tuesday, June 4, 2024, Defendants produced another 3,000 pages of documents.  Most of the documents had no organization.  Again, some of the documents were duplicates of documents that Defendants had previously produced.  Many of the documents were irrelevant to any of the claims in this case.  For example, Defendants included 13 pages of documents related to the "Temporary Directive Implemented Suspending Access to Parks for Illegal Drug-Related Activity."  *See* **Exhibit 8** [CCD013049-13062].  Some of the pages duplicate earlier documents produced.  *See* Exhibit 3.

6

11.     In addition, every one of the additional 3,000 pages lately produced has been marked as confidential with no reasonable justification.[2]  *See, e.g.* Exhibit 8.

12.     Under Fed. R. Civ. P.  Rule 34, in responding to a request for production, a "party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."  The Court in *Swan Glob. Invs., LLC v. Young*, said that a "document dump" violates this rule:

> "And Swan Global's "document dump" of thousands of unreviewed pages of material, without any categorization or indication as to how the documents relate to Mr. Young's requests for production or were relevant to the case, was inexcusable. *See Atlas Resources, Inc. v. Liberty Mutual Ins. Co.*, 291 F.R.D. 638, 642 (D. N. Mex. 2013) (describing ""document-dumping" where the defendant's disclosure of material was presented in such a disorganized fashion as to violate the Rules of Professional Conduct and cause undue delay in the litigation of this case")"

No. 18-CV-03124-CMA-NRN, 2020 WL 5204293, at *7 (D. Colo. June 5, 2020), *report and recommendation adopted*, No. 18-CV-03124-CMA-NRN, 2020 WL 9432880 (D. Colo. Dec. 10, 2020).  The Court in *Swan Glob. Invs., LLC* cited to the following cases with regard to the issue of document dumping: *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606 (D. Neb. 2001) (defendant's response to document request in products liability suit was inadequate as defendant merely invited plaintiff's counsel to peruse four overstuffed file cabinets in a discovery repository, there was no index provided, and the documents were not organized by date, subject matter, or in any other way); *T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 F.R.D. 449 (W.D.N.C. 1991) (where mortgage company in response to request for production of documents produced documents in a box with no apparent order and not labeled as responsive to any particular

---

[2] Plaintiff realizes that she can address each document's marking as confidential separately, but that puts an unreasonable burden on her because every one of the 3,000 documents is marked confidential.

request, company would be required to organize produced documents in manner clearly indicating which of the documents responded to the specific request for production); *Stiller v. Arnold*, 167 F.R.D. 68 (N.D. Ind. 1996) (ordering sanctions for production of 7,000 pages of documents in no apparent order which violated discovery rule requiring party to organize and label documents produced for inspection). Id at *5.

*Prejudice to Dr. Calderón*

13.     Dr. Calderón is prejudiced by the Defendants' violation of discovery rules, specifically their document dump.  Dr. Calderón's access to the City's database and her CRP work email account was terminated with her contract on or around December 31, 2017.  She has limited resources for legal assistance.  Receiving document dump after document dump greatly disadvantages her in terms of her ability to prosecute the case and the resources necessary to access justice.  Analogously, the Sixth Circuit, in *Stooksbury v. Ross*, 528 F. App'x 547, 553 (6th Cir. 2013), said: "The discovery abuses imposed excessive costs on Plaintiff, who had to sort through the document dump, and undermined Plaintiff's proof on the issue of liability."

14.     Additionally, the Defendants' actions have severely and unnecessarily prolonged this case and any justice Dr. Calderón may receive, an especially serious result because the claims involve continuing damage to her reputation.  This matter has been going on now for 6 years.  Dr. Calderón filed this case in February of April 2, 2018.  The Defendants moved to dismiss the case on June 18, 2018.  A decision was rendered on September 17, 2019, in favor of Defendants.  That was reversed by the Tenth Circuit Court of Appeals on March 30, 2021.  Plaintiff filed an amended complaint on June 16, 2021.   Undaunted, Defendants filed yet another motion to dismiss on July 9, 2021.  The Court denied that appeal except for terminating one defendant on August 21, 2023.

15. Defendants have notified Dr. Calderón that they intend to raise the issue of standing again in yet another motion. That issue was raised in both their first and second motions to dismiss and found not to be substantiated.

16. While the motions to dismiss were being adjudicated, the City again retaliated against Dr. Calderón by making public statements slandering her and then, doing a public investigation of her with absolutely no legal authority.

17. The document dumps made by Defendants have now delayed the discovery by months, taking more and more of the Court's time.

*Defendants Intentional Conduct*

18. Defendants' actions in failing to comply with discovery rules are willful and intentional. As noted below, Plaintiff's counsel has raised the issue numerous times with Defendants' counsel since January of this year. Rather than responding to the issues raised by Dr. Calderón regarding document dumps, Defendant has responded by dumping 3000 largely unorganized and unclassified additional documents on Plaintiff just this week, all of which were marked "confidential" even though some were clearly public records, as noted above.

19. As noted in the attached declaration, Dr. Calderón can attest, from her own experience as the chief of staff to a City Councilwoman, that the City's document dump is contrary to established protocol. *See* **Exhibit 10** [Declaration of Lisa Calderón 6-7-2024]. Although document production is based on an honor system, it is the responsibility of the assigned assistant city attorney to vet all documents for privilege and relevance before release to the requester. In this case, there appears to be no vetting for relevance or redundancy.

20. Defendants' behavior is an insult to the discovery process and certainly to Dr. Calderón. In addition, it violates basic rules of fair litigation and serves to discourage individual civil rights cases against the government.

In short, Defendants intended to and did increase the time and costs of this litigation for Dr. Calderon and the court through the production of almost 14,000 pages of which many are irrelevant, duplicate, and nonresponsive document.

## CERTIFICATE OF CONFERRAL

21. The undersigned attorney has conferred with Defendants' counsel multiple times regarding the document production, including the need for Defendants to organize documents or otherwise provide some sort of index. Specifically, the undersigned counsel raised these issues as follows:

   a. On January 26, 2024, the undersigned attorney wrote to the Defendants' counsel raising the issue of document dumping, specifically:

   > *"I have started going through your second supplemental disclosures. So far, it appears that the same material is repeated over and over again, with occasional new material sandwiched in between. I don't want to be a jerk, but it appears that there are 6,000+ pages of documents that are largely repeats of the same 200 or so relevant documents, resulting, I think, in discovery abuse. I wanted to bring this to your attention in an effort to avoid writing a formal discovery abuse letter. Can we resolve this informally?*

See **Exhibit 9** [Email from P. Bangert to E. Gorman, dated January 26, 2024]. Counsel were unable to resolve dumping issues because the Defendants' only offer was for Plaintiff or the undersigned to purchase expensive software to interface with the City's ediscovery programs.

   b. Counsel for Defendants and the undersigned had a conference on March 15 to discuss Defendants' concerns about discovery. In that conference the undersigned

raised the issue of Defendants' production of over 6,000 unorganized, oft duplicate and irrelevant pages of documents, but the parties were unable to reach any resolution.

   c.   On May 22, the undersigned, Defendants' counsel and Dr. Calderon met again *via* Zoom to discuss Plaintiff's concerns about Defendants' discovery responses. We again raised the issue of Defendants' production of now almost 11,000 unorganized, oft duplicate and irrelevant pages of documents. Defendants' counsel's response was again that the undersigned should have invested in certain ediscovery software and asked, in any event, how many documents are "too many."

   d.   On June 5, 2024, the undersigned emailed Defendants' counsel again indicating that she believed that there had been discovery abuse and asking if Defendants had changed their position regarding production of 14,000 pages of unorganized, oft duplicate and irrelevant pages of documents. Defendants' counsel indicated that they might provide searches, terms and custodians toward the end of June but offered no other action. The undersigned attorney indicated that his offer would be insufficient to identify duplicate and irrelevant documents among the 14,000 pages produced. Because of that and Defendants dumping of 3,000 more pages of documents on Tuesday, the undersigned attorney told Defendants' counsel that she would go ahead and file a motion for sanctions per the Court's order to move the case along. *See* **Exhibit 11** [Certification].

*Request for Sanctions*

   22.   For the reasons cited above, Dr. Calderón requests that this Court issue sanctions against the Defendants in this matter as follows:

a. The Court issue an order requiring the Defendants to organize and categorize the almost 14000 pages of documents that they have produced in a manner that allows Dr. Calderón to identify duplicates and irrelevant materials;

b. The Court order Defendants to review documents that they have marked as "confidential" and remove the marking for documents that are not in fact confidential;

c. The Court stay any further discovery and vacate present deadlines for the end of discovery until Defendants comply with the requested court order;

d. The Court order Defendants to pay all attorney's fees and costs associated with this discovery issue; and

e. The Court order any other relief and sanctions it deems appropriate.

Dated this 7th day of June 2024.

*s/ Patricia S. Bangert*

_____

Patricia S. Bangert, Attorney at Law, LLC
501 S. Cherry Street, Suite 1100
Denver, Colorado 80246
Phone: (303) 228-2175
Email: trish@pbangertlaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2024, the foregoing **PLAINTIFF'S MOTION FOR SANCTIONS REGARDING DISCOVERY ABUSES** was served by electronic mail to the following parties:

Edward J. Gorman
Paige A. Arrants
Assistant City Attorneys
City and County of Denver
edward.gorman@denvergov.org
paige.arrants@denvergov.org
*Attorneys for Defendants*

/s/ Patricia S. Bangert

Patricia S. Bangert