IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00756-PAB-CYC

LISA CALDERÓN,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
MICHAEL HANCOCK,
JESS VIGIL,
ANDREA ALBO, and
REGINA HUERTER,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Cyrus Y. Chung, United States Magistrate Judge.**

Plaintiff Lisa Calderón moves to amend her complaint for the third time to add new allegations of retaliation against her. ECF No. 135. Because the plaintiff has not shown good cause for her amendment, and the amendment would be prejudicial to the defendants, the Court recommends denying the motion.

### BACKGROUND

The plaintiff commenced this action on April 2, 2018. ECF No. 1. The original complaint alleged that the defendants, other than Regina Huerter, violated the plaintiff's First Amendment rights by failing to renew her contract with the City and County of Denver in retaliation for the plaintiff speaking out about matters of public concern and discriminated against her on the basis of her gender in violation of the Fourteenth Amendment. *See generally* ECF No. 1.

The defendants, the City and County of Denver and various Denver officials, moved to dismiss the complaint and, on September 17, 2019, the Court granted that motion. *Calderón v. City and Cnty. of Denver*, No. 18-cv-00756-PAB-MEH, 2019 WL 4450199 (D. Colo. Sept. 17, 2019). The plaintiff timely appealed to the Tenth Circuit, ECF No. 40, and, roughly a year and a half later, the Tenth Circuit reversed and remanded the matter for further proceedings. *Calderón v. City and Cnty. of Denver*, 855 F. App'x 438 (10th Cir. 2021) (unpublished).

The plaintiff filed an amended complaint on June 16, 2021, adding defendant Regina Huerter and an additional claim of "Conspiracy to Violate Constitutional Rights." ECF No. 62 at ¶¶ 7, 68. The defendants moved to dismiss the amended complaint, which was granted in part and denied in part. *Calderón v. City and Cnty. of Denver*, No. 18-cv-000756-PAB-MEH, 2023 WL 5348396 (D. Colo. Aug. 21, 2023). The Court dismissed with prejudice the plaintiff's claims for violation of her First Amendment rights against defendant Patrick Firman; for violations of her Fourteenth Amendment rights; for conspiracy against defendant Firman; and for conspiracy to violate her Fourteenth Amendment rights. *Id.* at *13-14. All other claims, including the addition of defendant Huerter, were allowed to proceed. *Id*. at *4, 13-14.

On September 20, 2023, the Court set November 6, 2023 as the deadline for joinder of parties and amendment of pleadings at a Scheduling Conference. ECF No. 91 § 9.a.

On October 6, 2023, the plaintiff sought leave to file her Second Amended Complaint. ECF No. 93. In that motion, she sought to add allegations that defendant City and County of Denver ("City") unlawfully conducted an investigation into her, which she believed showed further retaliation for speaking out against the defendants on matters of public concern back in 2018. *Id.* at ¶ 5. The Court granted that motion and, as a result, the operative complaint is the Second Amended Complaint, ECF No. 99.

Over a year later, this motion followed.

## ANALYSIS

The plaintiff seeks to add factual allegations to her claims from two sources: first, facts alleged in a lawsuit that Jessica Calderón, the Director of Operations and Innovation in the Office of Social Equity & Innovation in the Office of the Mayor, filed against the City of Denver; and second, facts from a deposition about a 2021 investigation into her. *Id*. at 4.

As an initial matter, the plaintiff invokes the wrong rule. She seeks relief under Fed. R. Civ. P. 15(d), which provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." But she invokes that rule based on her learning information after the operative complaint was filed, whereas Rule 15(d) actually covers adding facts that occurred after the complaint's filing, regardless of when the party learned of the fact. Fed. R. Civ. P. 15(d); *see Walker v. UPS, Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (permitting Rule 15(d) supplementation with "post-complaint transactions, occurrences or events"). The plaintiff contends that she seeks only to add facts that occurred after her complaint was filed, but her proposed additions allegedly occurred in April 2021 and June 2023, before the October 6, 2023 Second Amended Complaint was filed. *See* ECF No. 135-2 ¶¶ 32-33, 70; ECF No. 99. Fed. R. Civ. P. 15(a) therefore provides the governing standard. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). And because the deadline for amendment of pleadings has elapsed, the plaintiff must also address Fed. R. Civ. P. 16(b)(4)'s good cause requirement. *Birch v. Polaris Indus., Inc*., 812 F.3d 1238, 1247 (10th Cir. 2015).

That requirement "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Pumpco, Inc. v. Schenker Int'l, Inc*., 204

3

F.R.D. 667, 668 (D. Colo. 2001) (quotation marks omitted). In that sense, it "is much different than the more lenient standard contained in Rule 15(a)." *Id*. The plaintiff must "show that [she] was] diligent in attempting to meet the deadline, which means [she] must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Having failed to recognize the applicability of Rule 16, the plaintiff's motion offers no direct argument that she was diligent in attempting to meet the November 6, 2023 deadline for amendment of pleadings. Instead, the plaintiff generally avers that she only learned of certain information through reading the allegations of a November 20, 2024 lawsuit. ECF No. 135 at 2. The motion was filed one month later. ECF No. 135. Although Fed. R. Civ. P. 16(b)(4) is a more demanding standard than Fed. R. Civ. P. 15(a)(2), the Tenth Circuit has found a "'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16." *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009) (citing *Minter*, 451 F.3d at 1205 n.4). Seeking leave to amend one month after learning new information can meet the good cause requirement of Rule 16. *Peddada v. Catholic Health Initiatives Colo*., No. 23-cv-01921-NYW-MDB, 2024 WL 4634910, at *4 (D. Colo. Oct. 21, 2024); *Willis v. Johnson*, No. CIV-18-323-D, 2021 WL 8527621, at *2 (W.D. Okla. May 20, 2021); *Rodriguez v. Smith*, No. 15cv681 WPL/LF, 2016 WL 10179242, at *2 (D. N.M. July 21, 2016). *But see Granite Southlands Town Ctr. LLC v. Alberta Town Ctr., LLC*, No. 09-cv-00799-ZLW-LKM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (denying motion to amend filed one month after the party allegedly learned the information because the party was not diligent in reviewing discovery). Good cause could exist, then, for bringing the motion to amend if it were based solely on the November 2024 information.

With respect to the information she learned from a deposition, though, the plaintiff offers no information regarding when she learned this additional information. *See* ECF No. 135 at 4. As a result, the Court cannot evaluate her diligence with respect to that information. Rule 16's good cause standard "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009). Without such an explanation for the deposition information, the plaintiff has not shown good cause under Rule 16 to add the facts she allegedly learned during a deposition because she has provided no explanation for the delay in seeking leave to amend. *Carrazco v. Morrison*, No. 21-cv-01277-NYW, 2022 WL 2666031, at *3 (D. Colo. July 11, 2022) (denying motion to amend answer when the defendant "provided no adequate basis for th[e] delay").

At least part of the information sought to be added, then, suffers from a failure to show good cause, which alone would suffice to deny that part of the plaintiff's motion. *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011), *recommendation adopted*, 2011 WL 1464588 (D. Colo. Apr. 18, 2011). Analyzing whether the plaintiff satisfied Rule 15(a) shows that the motion should be denied in full.

Under Rule 15(a), once a responsive pleading is filed, a party may amend its complaint only with leave of the court or written consent of the adverse party. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). In deciding whether to grant such leave, the court must consider that leave is to be "freely given when justice so requires," Fed. R. Civ. P. 15(a), meaning that it should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

5

amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005); *see Foman,* 371 U.S. at 182. The defendants bear the burden of proving that the amendment should be refused on one of these bases. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

Here, unfair prejudice counsels against granting the plaintiff's motion. A court will find an amendment prejudicial when it unfairly affects the opposing party "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208 (quotation marks omitted). Prejudice occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*.

That is the case here. The currently pled First Amendment claim of retaliation is based on the plaintiff exercising her rights under the First Amendment to "freedom of speech." U.S. Const., amend. I; *see* ECF No. 99 ¶¶ 31-33, 72-75. The plaintiff now seeks to add a claim that her right to petition the government was restricted.[1] ECF No. 135-2 ¶ 84; ECF No. 135 at 3. That invokes the First Amendment's separate clause protecting the right "to petition the Government for a redress of grievances." U.S. Const., amend. I; *see Borough of Durea, Pa. v. Guarnieri*, 564 U.S. 379, 388 (2011). Discovery closed on November 1, 2024, ECF No. 126, and the parties completed said discovery based on the operative Second Amended Complaint. This motion came weeks later and less than three weeks before the dispositive motions deadline. As such, allowing

---

[1] The plaintiff includes at the end of her reply a statement that she "is not asking the Court to decide whether her right to petition the government was violated." ECF No. 143 at 10. This sentence stands in sharp contrast to the proposed third amended complaint itself. In it she seeks to amend her First Amendment claim to add that the defendants violated her First Amendment rights by "placing restrictions on her right to petition the government." ECF No. 135-2 ¶ 84. The Court does not read the proposed amendment as anything other than a request to find that the plaintiff's right to petition the government was violated by the defendants. A reply brief is not a proper means to further amend the proposed third amended complaint.

6

amendment would prejudice the defendants' ability to prepare their defense to the proposed amendments because they were not previously on notice that the plaintiff was alleging a First Amendment violation under the Petition Clause and had no opportunity for discovery on that claim. The proposed amendments therefore "arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues," and, as a result, would unfairly affect the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208; *Green Country Food Mkt., Inc. v. Bottling Grp.*, LLC, 371 F.3d 1275, 1279 (10th Cir. 2004).

The plaintiff protests. Her new allegations, she says, are mere continuations of her existing retaliation claims. ECF No. 143 at 5. But she concedes that to defend against the new allegations, the defendants would have to engage in additional discovery and potentially file another dispositive motion because she alleges for the first time that they retaliated against her by cutting off her access to a high-level official. *Id*. While there is a common theme of retaliation, the sought amendment introduces entirely new facts the defendants would need to investigate and develop. As such, the amendment prejudices the defendants and should not be allowed.

The plaintiff makes a final plea for amendment: it is because she keeps learning of more retaliatory steps by the City, she says, that she needs to amend, rather than file new actions. ECF No. 143 at 6. But "the purposes of Rule 15 and Rule 16 would be undermined were a plaintiff granted leave to update h[er] complaint each time the plaintiff learned facts supporting h[er] allegations in discovery." *Romero v. Altitude Sports & Ent., LLC*, No. 21-cv-00885-CMA-SKC, 2022 WL 3868134, at *4 (D. Colo. Aug. 30, 2022) (citing *Baker v. Simmons*, 65 F. App'x 231, 236 (10th Cir. 2003)). To find otherwise would allow the plaintiff to make the complaint "a

7

moving target." *See Minter*, 451 F.3d at 1206. The short of it is that, at some point, the parties must know the nature of the case they are trying. After five years of litigation, that point has arrived. Adding new factual allegations threatens enough prejudice and setback such that moving the goalposts would be improper here.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** denying the plaintiff's Motion for Leave to File Second Supplemental Complaint. ECF No. 135.[2]

Entered this 28th day of March, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

---

[2] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>