IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00756-PAB-CYC

LISA CALDERÓN,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
MICHAEL HANCOCK,
JESS VIGIL,
ANDREA ALBO, and
REGINA HUERTER,

    Defendants.

---

# ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

    Plaintiff Lisa Calderón asks the Court to conduct an in camera review of certain documents withheld by the defendant as privileged and to compel their production because the crime-fraud exception pierces the attorney-client privilege. ECF No. 128. Because the plaintiff fails to meet her burden of presenting prime facie evidence sufficient to justify in camera review, the Court denies the motion.

## BACKGROUND

    The plaintiff commenced this action on April 2, 2018. ECF No. 1. The original complaint alleged that the defendants, other than Regina Huerter, violated the plaintiff's First Amendment rights by failing to renew her contract with the City and County of Denver in retaliation for the plaintiff speaking out about matters of public concern and discriminated against her on the basis of her gender in violation of the Fourteenth Amendment. *See generally* ECF No. 1.

The defendants, the City and County of Denver and various Denver officials, moved to dismiss the complaint and, on September 17, 2019, the Court granted that motion. *Calderón v. City and Cnty. of Denver*, No. 18-cv-00756-PAB-MEH, 2019 WL 4450199 (D. Colo. Sept. 17, 2019). The plaintiff timely appealed to the Tenth Circuit, ECF No. 40, and, roughly a year and a half later, the Tenth Circuit reversed and remanded the matter for further proceedings. *Calderón v. City and Cnty. of Denver*, 855 F. App'x 438 (10th Cir. 2021) (unpublished).

The plaintiff filed an amended complaint on June 16, 2021, adding defendant Regina Huerter and an additional claim of "Conspiracy to Violate Constitutional Rights." ECF No. 62 at ¶¶ 7, 68. The defendants moved to dismiss the amended complaint, which was granted in part and denied in part. *Calderón v. City and Cnty. of Denver*, No. 18-cv-000756-PAB-MEH, 2023 WL 5348396 (D. Colo. Aug. 21, 2023). The Court dismissed with prejudice the plaintiff's claims for violation of her First Amendment rights against defendant Patrick Firman; for violations of her Fourteenth Amendment rights; for conspiracy against defendant Firman; and for conspiracy to violate her Fourteenth Amendment rights. *Id.* at *13-14. All other claims, including the addition of defendant Huerter, were allowed to proceed. *Id*. at *4, 13-14.

On October 6, 2023, the plaintiff sought leave to file her Second Amended Complaint. ECF No. 93. In that motion, she sought to add allegations that defendant City and County of Denver unlawfully conducted an investigation into her, which she believed showed further retaliation for speaking out against the defendants on matters of public concern back in 2018. *Id.* at ¶ 5. The Court granted that motion and, as a result, the operative complaint is the Second Amended Complaint, ECF No. 99. In the Second Amended Complaint, the plaintiff brings two claims: a claim that the defendants violated her First Amendment rights and a claim that the

2

defendants conspired to violateher rights under the First and Fourteenth Amendments. ECF No. 99 ¶¶ 72-79.

## ANALYSIS

The plaintiff asks the Court to order in camera review of certain documents withheld by the defendants as privileged so the Court can determine if production of the documents should be compelled. *See generally* ECF No. 128. She argues that the crime-fraud exception to the attorney-client privilege applies. *Id*.

The crime-fraud exception to the attorney-client privilege "assure[s] that the seal of secrecy between lawyer and client does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime." *United States v. Zolin*, 491 U.S. at 562–63 (1989) (quotation marks omitted). "The evidence must show that the client was engaged in or was planning the criminal or fraudulent conduct when it sought the assistance of counsel and that the assistance was obtained in furtherance of the conduct or was closely related to it." *In re Grand Jury Subpoenas*, 144 F.3d 653, 660 (10th Cir. 1998). The exception applies "if the assistance was used to cover up and perpetuate the crime or fraud." *Id*.

"A court's determination that certain otherwise privileged documents are subject to the crime-fraud exception is a two-step process." *Miles v. BKP Inc.*, No. 18-cv-01212-PAB-MEH, 2022 WL 3681987, at *3 (D. Colo. Aug. 25, 2022). First, a party seeking to invoke the exception and overcome a claim of privilege must show "a factual basis adequate to support a good faith belief by a reasonable person" that the documents "may reveal evidence to establish that the crime-fraud exception applies." *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995); *see also Zolin*, 491 U.S. at 572. If the movant makes a sufficient showing, the court may, in its discretion, conduct an in camera review of the documents. *See Zolin*, 491 U.S. at 572.

3

The plaintiff fails to make the required showing. First, the plaintiff fails to meet her burden of presenting "prime facie evidence" that "the client was engaged in or was planning the criminal or fraudulent conduct when it sought the assistance of counsel and that the assistance was obtained in furtherance of the conduct or was closely related to it." *In re Grand Jury Subpoenas*, 144 F.3d at 660. The plaintiff argues that the crime or fraud was a conspiracy to deprive the plaintiff of her First Amendment rights by terminating her contract with the City and County of Denver after she spoke out about matters of public concern. ECF No. 128 at 2; ECF No. 131 at 3. However, she offers no legal support for the idea that a conspiracy to deprive her of her First Amendment rights by terminating her contract constitutes a crime or fraud. The crime-fraud exception cannot be invoked when there is no underlying crime or fraud. *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1552 (10th Cir. 1995) ("[T]he court correctly ruled that the crime-fraud exception does not extend to tortious conduct generally, but is limited to attorney advice in furtherance of a crime or fraud . . . ."); *Hedquist v. Patterson*, No. 14-CV-45-ABJ, 2016 WL 8317027, at *3 (D. Wyo. Aug. 30, 2016). And it would be improper for the Court to become complicit in a fishing expedition to allow the plaintiff to gather evidence of a potential tort. *See* ECF No. 131 at 4 (noting that the documents sought by the plaintiff "might well yield evidence of or establish the link between Dr. Calderón's speech and the termination of her contract"); *Jorjani v. N.J. Inst. of Tech.*, No. 2:20-cv-1422 (CONSOLIDATED), 2021 WL 2205841, at *3–4 (D.N.J. May 26, 2021); *Speth v. Goode*, No. 95-264 (JBS/AMD), 2013 WL 3412050, at *7 (D.N.J. July 3, 2013) ("Gathering possible evidence of a tort, however, is not a sufficient basis to conduct an in camera review or to trigger the crime-fraud exception to the attorney-client privilege."), *aff'd*, 607 F.App'x 161, 165 (3d Cir. 2015). As a result, the Court

declines the plaintiff's invitation to review the documents in camera. *See Martley v. City of Basehor, Kan.*, No. 19-2138-DDC-GEB, 2021 WL 5918916, at *7 (D. Kan. Dec. 15, 2021).

Second, even if the alleged conspiracy to terminate the plaintiff's contract constituted a crime or fraud, the plaintiff fails to meet her burden of presenting "prime facie evidence" that "the client was engaged in or was planning the criminal or fraudulent conduct when it sought the assistance of counsel and that the assistance was obtained in furtherance of the conduct or was closely related to it." *In re Grand Jury Subpoenas*, 144 F.3d at 660. At best, the evidence she presents shows that certain employees of the City and County of Denver sought legal advice from an attorney for the city regarding how they could legally terminate the contract. The deposition testimony of Jess Vigil makes clear that his conversation with Shelley Siman, on which the plaintiff hangs her hat, was speculation and conjecture about why the plaintiff's contract might not be renewed, but was not based on any information from the City and County of Denver or any nefarious plan by the city or its employees. ECF No. 130-1 at 47:2-50:15. The evidence presented by the plaintiff is, simply, not a sufficient basis for a reasonable person to form a good faith belief that the crime-fraud exception applies. *Motley*, 71 F.3d at 1551. As a result, the plaintiff's motion fails.

In addition, the plaintiff mentions in her motion that certain correspondence between the City Attorney's Office and an investigator, Mark Flynn, were withheld as privileged, ECF No. 128 at 7–8, but the argument is not well formed, and it is unclear if she is challenging the assertion of the privilege or asking the Court to find that the crime-fraud exception applies to those documents. Further, if she is asking the Court to find that the crime-fraud exception applies to these documents, she does not identify a crime or fraud that the parties to the communications were engaged in or planning. Therefore, to the extent the plaintiff seeks relief with regard to

5

these documents, she has failed to articulate any basis for compelling production or conducting an in camera review. *See LNV Corp. v. Hook*, No. 14-cv-00955-RM-CBS, 2015 WL 6153291, at *3 (D. Colo. Oct. 20, 2015).

Finally, the plaintiff includes a passing reference to waiver of the attorney-client privilege in her reply, ECF No. 131 at 5, at which point the Court does not consider new arguments. *Morrison v. Safeco Ins. Co. of Am.*, No. 23-cv-00360-SKC-CYC, 2025 WL 1155934, at *2 (D. Colo. Feb. 24, 2025). Because this was improperly raised in a reply brief and is not fully developed, the Court does not address it herein.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Plaintiff's Motion to Compel (and to Have Court Review Documents in Camera), ECF No. 128, is **DENIED**.

It is further ORDERED that the plaintiff's request for a stay pending the Court's ruling on her motion to compel, ECF No. 149, is **DENIED as moot**.[1]

Entered this 30th day of May, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

---

[1] ECF No. 149 contained another request for relief that was also included in a later-filed motion, ECF No. 152, which was already granted by the Court, ECF No. 153. As a result, the Court does not address that request for relief herein.